IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABUTALIB MOHAMED, #56085-177, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | No. 3:24-cv-01884-B (BT) |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Federal prisoner Abutalib Mohamed filed a document entitled "Motion for Return of Funds" (Doc. 2) that the Court construed as a motion for the return of seized property under Federal Rule of Criminal Procedure 41(g). Accordingly, the Court opened this civil case pursuant to 28 U.S.C. § 1331. *See Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). But upon review of Mohamed's allegations and the applicable law, it appears the Court lacks jurisdiction over this case and should dismiss this case without prejudice.

## Background

In 2022, Mohamed pleaded guilty to two counts of unlawful possession of ammunition by a prohibited person and one count of conspiracy to possess with intent to distribute marijuana. *United States v. Mohamed*, No. 3:21-cr-0310-B-1

(N.D. Tex. Sept. 9, 2022); Crim. Doc. 37 at 1.[1] He was sentenced to 234 months' imprisonment. Crim. Doc. 37 at 2.

On July 18, 2024, Mohamed filed the pending "Motion for Return of Funds" in the closed criminal case. Crim Doc. 49. The motion names the United States as a "respondent" and seeks to recover $6,995 ("the property") that was initially seized by local police officers in 2021 in connection with Mohamed's arrest for a state offense. Crim. Doc. 32-1 at ¶12 (presentence report). The property was ultimately forfeited to the State of Texas, and Mohamed claims that the forfeiture was in violation of federal law, particularly the Fourth Amendment. *See* Doc. 2 at 3-4. He provides a copy of a civil citation and notice of seizure and intended forfeiture from 2021 in which he was advised that the State of Texas was instituting forfeiture proceedings against the property. Doc. 2 at 5. And public records show that a final judgment of forfeiture against the property and in favor of the State of Texas was entered on May 19, 2021. *State of Texas v. Six Thousand Nine Hundred Ninety-Five Dollars in United States Currency*, DC-21-04426 (Dallas Cnty., 193rd Jud. Dist. Court, May 19, 2021); Details (dallascounty.org) (search for case number DC 21-04426-L; last visited Aug 15, 2024).

---

[1] Citations to Mohamed's criminal case, No. 3:21-cr-0310-B-1, are preceded with "Crim. Doc." Citations to this civil action are preceded with "Doc."

2

## Legal Standards and Analysis

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017). And, as explained below, that jurisdiction is lacking here.

The Court has construed Mohamed's motion as seeking relief under Federal Rule of Criminal Procedure 41(g). Rule 41(g) provides, in pertinent part:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

Fed. R. Crim. P. 41(g). Where, as here, criminal proceedings have concluded, a Rule 41(g) motion for return of property should be construed as a civil equitable action. *See Bailey*, 508 F.3d at 738 (5th Cir. 2007); *see also United States v. Robison*, 78 F.3d 172, 174 (5th Cir. 1996).

But where property is seized and held by non-federal law authorities, a federal court generally lacks subject matter jurisdiction over a motion to return such property. *See Taylor v. 187th District Court, Bexar Cnty.*, 2022 WL 17616478, at *2 (W.D. Tex. Dec. 13, 2022) (citing *United States v. Copeman*, 458 F.3d 1070, 1071-73 (10th Cir. 2007); *Reyna v. United States*, 180 F. App'x 495, 496 (5th Cir. 2006)). "Relief under Rule 41(g) is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied." *Id.* (citing *Industrias Cardeon, LTDA v. United States*, 983 F.2d 49, 51-52 (5th Cir. 1993); *Richey v. Smith*, 515 F.2d 1239, 1234-44 (5th Cir. 1975)). And "[w]here the

3

property was seized by state authorities, 'state avenues of relief' are available to the movant to recover the property and therefore jurisdiction is lacking in federal court." *Id.* (citing *Copeman*, 458 F.3d at 1073 (further citation omitted).

Here, the property was seized by local law enforcement officials and was later forfeited to the State of Texas. There is no sign that federal authorities ever possessed the property, which ordinarily precludes jurisdiction over a Rule 41(g) motion.

Still, "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities." *Copeman*, 458 F.3d at 1073. "When property is seized by state officials, a movant can invoke Rule 41(g) if: (1) federal authorities have actual possession of property, (2) federal authorities have constructive possession of the property that was considered evidence in the federal prosecution, or (3) the state officials acted at the direction of federal authorities when the property was seized." *Taylor*, 2022 WL 17616478, at *2 (citing *Valenzuela v. United States*, 2016 WL 1130579, at *2 (N.D. Tex. Mar. 1, 2016); *United States v. Downs*, 22 F. App'x 961, 963 (10th Cir. 2001)). If a movant seeking the return of property in custody of state officials fails to show one of these circumstances, the Rule 41(g) motion must be dismissed for lack of jurisdiction. *Id.*

Mohamed does not allege that any of those circumstances exist, and there is no basis to infer their existence in his pleadings or the public record. Thus, to the

4

extent that Mohamed seeks relief under Rule 41(g), this Court lacks jurisdiction to award it.

To the extent that Mohamed's motion, which references several federal criminal forfeiture provisions,[2] could be construed as an attack on a federal forfeiture proceeding rather than a challenge to an illegal seizure under Rule 41(g), there were no federal criminal forfeiture proceedings against the property, so such an attack is meritless. And even if there were federal criminal forfeiture proceedings, federal criminal forfeiture orders must be challenged through a direct appeal in the criminal case, not a separate civil action. *See, e.g.*, *United States v. Johnson-Ellis*, 2022 WL 3136978, at *1 (5th Cir. Aug. 5, 2022) ("But if the property was forfeited in the course of a criminal proceeding, the forfeiture should be challenged on direct appeal.") (citing *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001)); *see also* *Winkelman v. United States*, 494 F. App'x 217, 220 (3d Cir. 2012) (noting that, to "obtain return of [forfeited property, the defendant] must first succeed in invalidating his judgment," which is usually accomplished through a direct appeal).

Finally, to the extent that Mohamed's motion could be liberally construed as an attack on the state court forfeiture judgment under 42 U.S.C. § 1983, the Court

---

[2] Mohamed references Federal Rule of Criminal Procedure 32.2, which broadly sets out the procedure for criminal forfeiture in federal proceedings; 31 U.S.C. § 5317, which provides for criminal forfeiture of monetary instruments in connection with violations of certain statutory provisions; and 21 U.S.C. § 853, which provides for criminal forfeiture in relation to drug crimes. Doc. 2 at 3.

lacks jurisdiction under the *Rooker-Feldman* doctrine, which provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468 (1983)). In essence, the doctrine precludes federal subject matter jurisdiction over cases effectively seeking review of state court judgments, including challenges to state civil-forfeiture proceedings. *See Doggins v. Green*, 2020 WL 5587238, at *2 (E.D. Tex. Sept. 18, 2020) (collecting cases).

Thus, no matter how it construes Mohamed's motion, the Court lacks subject matter jurisdiction over it.

## Recommendation

The Court should dismiss Mohamed's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED August 15, 2024

 

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.